UNDER SEAL

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED

V 14 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:19-mj-487 |
| KEVIN TEA, | ) |
| | ) **FILED UNDER SEAL** |
| Defendant. | ) |

**FILED UNDER SEAL PURSUANT TO THE E-GOVERNMENT ACT OF 2002**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Special Agent Alyson Tobias, being duly sworn, state the following:

1.      I am a Special Agent with the United States Secret Service (USSS), and have been so employed since January of 2017.  I completed my initial special agent training at the USSS Rawley Training Center and completed the USSS Network Intrusion Responder Program, which trained me to identify, mitigate, and facilitate the remediation of network intrusions, unauthorized access, malicious hacking, and other crimes committed over communications networks.  I am currently assigned to the USSS Washington Field Office and am responsible for investigating financial crimes involving, but not limited to, cases involving wire fraud, in violation of 18 U.S.C. § 1343.

2.      This affidavit is made in support of a criminal complaint against KEVIN TEA for wire fraud, in violation of 18 U.S.C. § 1343.

3.      The information contained within this affidavit is based on information I have gained from my investigation, my personal observations, my training and experience, and/or

1

information related to me by other law enforcement officers and/or agents. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

4.      Based on the information contained herein, I believe that KEVIN TEA knowingly and with intent to defraud used one or more unauthorized access devices during a one-year period, and obtained over $1,000 in fraudulent refunds from his employer, in violation of federal law. I further believe that KEVIN TEA knowingly and with intent to defraud, intentionally used interstate wire communications conducted through a credit card terminal to defraud his employer by having a credit card processor debit his employer's account for the benefit of his personal accounts.

## DEFINITIONS

5.      18 U.S.C. § 1343 prohibits "devis[ing] or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice."

## INVESTIGATION

6.      The Employee Activity Association (EAA) is a non-profit corporation that was established to provide benefits to its membership, which consists mainly of current and retired employees of the Central Intelligence Agency. The EAA Store is a retail facility located within the George Bush Center for Intelligence in McLean, Virginia. The EAA Store sells a variety of

souvenirs and merchandise.  Personnel employed by the EAA Store are not employees of the federal government.

7.      On July 6, 2018, the Central Intelligence Agency's Office of the Inspector General received a complaint from an EAA store manager alleging that KEVIN TEA, an employee of the EAA Store, defrauded the store by fraudulently refunding otherwise legitimate purchase transactions to bank accounts that he controlled.

8.      KEVIN TEA was employed by the EAA from July 12, 2016 until June 1, 2018 as a cashier in the EAA Store.  His duties there included handling purchase transactions with customers, and processing returns of merchandise for customers, including chargebacks to the customers' credit cards where required.  EAA Store management did not authorize KEVIN TEA to conduct chargebacks to his own account in the course of his duties as a cashier.

9.      Receipts obtained from the EAA Store show 8 transactions where sales were refunded to a credit card account number ending in 4331, and 236 transactions where sales were refunded to a debit card account number ending in 0014.  These 244 transactions occurred between May 8, 2017 and June 1, 2018, and for these transactions, the original corresponding sales were charged to a different card than the refunded card.

10.      CardConnect, a Pennsylvania company contracted by the EAA Store to process and manage credit and debit card transactions, provided the full credit card number associated with these refunds, which ends in 4331, and the full debit card number associated with these refunds, which ends in 0014.

11.      Navy Federal Credit Union, a Virginia company, verified that the account ending in 4331 was associated with a credit card issued to KEVIN TEA, and that the account ending in

3

0014 was associated with a debit card issued to KEVIN TEA, and that neither card was reported stolen.

12.     All EAA Store credit card transactions described herein were conducted via a CardConnect-provided CardPointe terminal owned and managed by the EAA Store. This CardPointe terminal was programmed to initiate credit card transactions that credited or debited a CardConnect merchant account held by the EAA Store. The CardPointe terminal operates by conducting electronic communications with CardConnect via the internet. Each EAA Store transaction conducted via CardPointe terminal affects interstate commerce, as the EAA Store is located in Virginia, and CardConnect is located in Pennsylvania. Each such communication also constitutes an interstate wire communication, as the EAA Store is located in Virginia, and CardConnect is located in Pennsylvania.

13.     A review of KEVIN TEA's credit and debit card statements showed there were no corresponding sales transactions for 244 refund transactions that resulted in funds being transferred to accounts that he controlled. In five transactions occurring between April 13, 2017 and May 15, 2017, sales at the EAA Store charged to the debit card ending in 0014 were followed within minutes by a corresponding refund transaction to the debit card controlled by KEVIN TEA ending in 0014. In 244 refunds from the EAA Store to KEVIN TEA's credit card ending in 4331 and debit card ending in 0014 conducted between May 8, 2017 and June 1, 2018, there was no associated sales transaction associated with either card. These 244 transactions cumulatively resulted in a net credit to accounts controlled by KEVIN TEA in the amount of $58,534.49.

14.     Based on the foregoing, I submit that from May 8, 2017 to June 1, 2018, within the Eastern District of Virginia, KEVIN TEA engaged in a scheme to defraud his employer, the

4

EAA Store, by electronically submitting 244 fraudulent chargebacks that resulted in credits to accounts that he controlled. I further submit that KEVIN TEA committed these acts for the purposes of obtaining money and property by means of materially false or fraudulent pretenses, representations, or promises; and that in the course of these acts KEVIN TEA knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce a writing, sign, signal, picture, or sound that either originated or terminated with the Eastern District of Virginia. Accordingly, there is probable cause to believe that KEVIN TEA thereby committing wire fraud, in violation of 18 U.S.C. § 1343.

Special Agent Alyson Tobias
United States Secret Service

Subscribed and sworn to before me
This 14th day of November 2019.

_____/s/ _____

John F. Anderson
United States Magistrate Judge
Honorable John F. Anderson
United States Magistrate Judge
Alexandria, Virginia

5